Tae S. Um, SBN 231094
    Email: Tae.Um@wilsonelser.com
Natalia Duque, SBN 334261
    Email: Natalia.Duque@wilsonelser.com
**WILSON ELSER MOSKOWITZ EDELMAN & DICKER LLP**
555 South Flower Street, Suite 2900
Los Angeles, CA 90071-2407
Telephone:  213.443.5100
Facsimile:  213.443.5101

*Attorneys for Plaintiff Star Mutual RRG, Inc.*

## UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STAR MUTUAL RRG INC.,<br><br>Plaintiff,<br><br>vs.<br><br>FEDERICO AGUILAR VENEGAS D/B/A FSW TRANSPORT,<br><br>Defendant. | Case No.<br><br>**COMPLAINT FOR DECLARATORY RELIEF**<br><br>**JURY TRIAL DEMANDED** |

Plaintiff Star Mutual RRG, Inc. ("Star Mutual") hereby makes its Complaint for Declaratory Relief against Defendant Federico Aguilar Venegas d/b/a FSW Transport ("Mr. Aguilar Venegas") and alleges as follows:

### INTRODUCTION

1.     Star Mutual brings this action for declarations that it is has no duty to defend or indemnify Mr. Aguilar Venegas with respect to a hit-and-run liability claim (the "Claim") against Mr. Aguilar Venegas made by claimant Vanessa

Raygoza ("Ms. Raygoza"), as multiple provisions in the liability insurance policy Star Mutual issued to Mr. Aguilar Venegas apply to bar coverage for the Claim.

## PARTIES

2.      Star Mutual is now and was at all relevant times a mutual insurance company formed under the laws of the State of Tennessee with its principal place of business in Tennessee.  At all times mentioned in this Complaint, Star Mutual has been authorized to do business in the State of California.

3.      Mr. Aguilar Venegas is an individual whose residence and/or place of business is located in Fresno, California.

## JURISDICTION AND VENUE

4.      This is an action for declaratory relief pursuant to 28 U.S.C. § 2201 and Federal Rules of Civil Procedure, Rule 57, to resolve an actual controversy between the parties as set forth herein.  This Court has jurisdiction over this action pursuant to 28 U.S.C § 1332 because there is complete diversity of citizenship between Star Mutual and Mr. Aguilar Venegas and there is more than $75,000 in controversy.

5.      Venue is proper pursuant to 28 U.S.C. § 1391(a).  Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b) because this is a civil action in which subject matter jurisdiction is founded only on diversity of citizenship and the action is brought in a judicial district where Mr. Aguilar Venegas resides and/or his place of business is located.

## __THE POLICY__

6.      Star Mutual issued Commercial Auto Insurance Policy No. 31802-2385F9-24 to Mr. Aguilar Venegas effective for the policy period from October 25, 2024 to October 25, 2025 (the "Policy").  A true and correct copy of the Policy is attached hereto as **Exhibit "A"**.

7.      The Policy provides primary insurance coverage with limits of liability of $750,000.00 and includes in its Insuring Agreement in relevant part as follows:

1. Subject to all other terms and conditions of the Policy, we will pay on your behalf for those Damages that you are legally obligated to pay because of Bodily Injury and/or Property Damage to which this Policy applies caused by an Accident and resulting from the ownership, maintenance, or use of a covered Auto as identified in Section III or any Endorsement if:

> … c. The vehicle at the time of the Accident is being operated in commercial business use, for the benefit of the named insured entity only ….

2.  We have both the right and duty to provide for your defense with respect to a Claim covered by the Policy. We have the exclusive right to designate and appoint legal counsel to represent you and to otherwise control such defense. Notwithstanding anything and to the contrary, our duty to provide for such defense will immediately terminate:

> a. When the applicable Limits of Liability of the Policy are exhausted by payment of Damages and/or Claim Expenses;

> b. If the Insured fails to pay any Self-Insured Retention and/or DEDUCTIBLE obligation imposed by this Policy in a timely manner;

> c. If the Application attached hereto and forming a part hereof, including any supplemental information

related thereto, is discovered by us to contain any material misrepresentation of fact; or

d. If you violate any of the conditions as set forth in this Policy….

8.   The Policy includes the following applicable Exclusions:

20. Bodily Injury or Property Damage arising out of the willful violation of a penal statute or ordinance.

21. Bodily Injury or Property Damage arising out of the acts of an insured's employee, leased employee, contractor, subcontractor, volunteers, or agent outside the scope of his or her employment or duties.

\*       \*       \*

25. Any Claim for punitive or exemplary damages, fines, statutory penalties, or sanctions, whether imposed by law or otherwise, trebled or otherwise multiplied damages or any multiplied portion of a compensatory award, or the return or restitution of legal fees, costs, and expenses. Claims for or awards against any insured for punitive or exemplary damages, fines, statutory penalties, or sanctions, whether imposed by law or otherwise, trebled or otherwise multiplied damages or any multiplied portion of a compensatory award are not covered by the Policy regardless of whether they are demanded or awarded based upon the conduct of an Insured or upon the conduct of others for whose conduct the Insured maybe deemed to be vicariously liable.

\*       \*       \*

39. This policy does not provide coverage to an insured who is operating otherwise insured vehicle without a valid governmental authority to operate or whose authority to operate was revoked by a governmental agency at the time or prior to the occurrence. If for any reason a court of competent jurisdiction determines that this policy provides liability coverage for a carrier whose authority was revoked at the time of the loss, then the insurer has the right to amend and reduce the liability limits on the insured's Declaration Page, to the amount of the state minimum coverage for the state where the occurrence took place.

4

COMPLAINT FOR DECLARATORY RELIEF

9.      Finally, the Policy contains the following applicable Conditions:

**Notice of Accident, Potential Claim, Claim or Suit**

1. As an express condition precedent to coverage under this Policy, you must give us written notice, as soon as possible and in no event later than 2 business days of any incident, event, occurrence, loss, or accident which might give rise to a claim covered by this policy.

  a. How, when, and where the incident, event, occurrence, loss or accident took place;

  b. The names and addresses of any injured persons and witnesses; and

  c. The nature and location of any injury or damage arising out of the Accident.

  d. Disclose if police investigated the accident and if any citations and/or reports were issued.

  e. Any additional information you have available.

2. You and any other involved Insured must:

  a. Immediately or at the earliest practicable moment, and in no event later than 2 business days after receipt by you, send us copies of any demands, notices; summonses, or legal papers received in connection with any Claim or Suit and act in all diligence and prudence to resolve the Claim or Suit; provided, however, that no settlement in excess of any applicable DEDUCTIBLE will be agreed to by the Insured without the Insurers' express written consent;

  b. Authorize us to obtain records and other information;

  c. Cooperate with us in the investigation, settlement, or defense of the Claim or Suit. The Insurer may require that the Insured submit to an examination under oath and/or questioning, attend hearings, depositions, and trials-additionally, in the course of investigation or defense, the Insurer may require written and/or sworn statements concerning the Claims; and

COMPLAINT FOR DECLARATORY RELIEF

d. Assist us, upon our request, in the enforcement of any right against any person or organization which may be liable to the Insured, or which provides similar benefits to the Insured, because of injury or damage to which this Policy may also apply.

3. No insured will, except at his own cost, voluntarily make a payment, assume any obligation, or incur any expense, other than for first aid, without our prior consent in excess of any applicable DEDUCTIBLE without prior written consent of the Insurer.

\*       \*       \*

**B. Legal Action Against Us**

No person or organization has a right under this Policy to:

1. Join the Insurer as a party or otherwise bring them into a Suit asking for Damages from an Insured; or

2. Sue the Insurer under this Policy unless all the terms of the Policy have been fully complied with by the Insured.

A person or organization may sue the Insurer to recover on an Agreed Settlement or a final judgment obtained after an actual trial against an Insured, but the Insurer will not be liable for Damages that are not payable under the terms of this Policy or that are in excess of the applicable Limits of Liability available to an Insured.

\*       \*       \*

**G. Non-Assignable**

The interest of the Insured under this Policy cannot be assigned without the prior written consent of the insurer.

## THE ACCIDENT AND SUBSEQUENT COMMUNICATIONS WITH MS. RAYGOZA'S COUNSEL AND MR. AGUILAR VENEGAS

10.    On Saturday January 25, 2025 at or about 10.43pm (i.e., outside business hours), Mr. Aguilar Venegas was driving his vehicle when he was

involved in a hit-and-run accident wherein his vehicle hit Ms. Raygoza while she was crossing a street in Fresno, California (the "Accident").

11.    As a result of the Accident, Ms. Raygoza allegedly was severely injured, including alleged loss of a fetus and the use of her legs, a fractured collarbone and pelvis, and multiple fractures in her lumbar spine. Ms. Raygoza allegedly is now a paraplegic.

12.    Mr. Aguilar Venegas never reported the Accident to Star Mutual.

13.    Following the Accident, Officer Moriah Polach of the Fresno Police Department prepared a traffic report (the "Report") which described the Accident as a hit-and-run felony. The Report confirmed that the Accident occurred at 10.43pm on Saturday January 25, 2025.

14.    The Report further recommended that the local District Attorney prosecute Mr. Aguilar Venegas for hit-and-run.

15.    On January 25, 2025, Mr. Aguilar Venegas was charged with felony hit-and-run resulting in permanent injury or death.

16.    Mr. Aguilar posted a security bond on February 6, 2025.

17.    A formal criminal Complaint was filed against Mr. Aguilar Venegas that same day, at which time he plead "not guilty."

18.    Mr. Aguilar Venegas waived arraignment.

19.    Mr. Aguilar Venegas was ordered by the Court to "[o]bey all laws [m]aintain contact with attorney [d]o not drive without insurance [d]o not drive

without a license [a]ttend all future court dates."

20.    On or about March 18, 2025, Ms. Raygoza's counsel's office wrote to Star Mutual's Third-Party Administrator, GB Group LLC ("GB Group"), to advise that that firm had been retained to represent Ms. Raygoza with respect to the Accident. Further communications between Ms. Raygoza's counsel's office and GB Group ensued.

21.    On March 19, 2025, GB Group wrote a series of letters to Mr. Aguilar Venegas, including detailed Reservation of Rights letters which fully and completely reserved each and all of Star Mutual's rights.

22.    On March 20, 2025, Ms. Raygoza's counsel's office emailed GB Group and attached a draft Affidavit for execution by Mr. Aguilar Venegas which identified him as the driver of the involved vehicle and stated that *"at the time of the MVA I was not acting in the course and scope of employment."* (emphasis added).

23.    On or about March 21, 2025, a representative of GB Group called Mr. Aguilar Venegas to discuss the Accident which had been reported to GB Group by Ms. Raygoza's counsel. Among other things, Mr. Aguilar Venegas advised the GB representative that he was not working at the time of the Accident as it was the weekend.

24.    Since then, a representative of GB Group has again reached out to Mr. Aguilar Venegas regarding the Accident by way of a telephone call and text

message, but Mr. Aguilar Venegas has not responded to those overtures.

25.    Mr. Aguilar Venegas has had no further communications with either GB Group or Star Mutual.

<u>**FIRST CAUSE OF ACTION**</u>

**(For Declaratory Relief Re: No Duty to Defend)**

26.    Star Mutual hereby incorporates and re-alleges the allegations in each of the foregoing paragraphs as if fully set forth herein.

27.    There exists a genuine and bona fide dispute and an actual controversy and disagreement between Star Mutual and Mr. Aguilar Venegas regarding whether Star Mutual has a duty to defend Mr. Aguilar Venegas under the Policy in connection with the Accident and any lawsuit filed against Mr. Aguilar Venegas.

28.    Star Mutual contends it has no duty to defend Mr. Aguilar Venegas under the Policy in connection with the Accident or any lawsuit filed against Mr. Aguilar Venegas. Upon information and belief, Star Mutual is informed and believes that Mr. Aguilar Venegas disputes this contention.

29.    In accordance with the Policy's Insuring Agreement, provisions, terms, conditions, exclusions, and endorsements, Star Mutual owes no duty to defend Mr. Aguilar Venegas under the Policy or applicable law, in whole or in part, with respect to the Accident or any lawsuit filed against Mr. Venegas for the following reasons:

a.    Mr. Aguilar Venegas was not acting in the course and scope of

employment for the benefit of the named insured only at the time of the Accident, as required by the Policy's Insuring Agreement;

b.    The Policy excludes coverage for bodily injury arising out of the willful violation of a penal statute or ordinance;

c.    The Policy excludes coverage for bodily injury arising out of the acts of an insured's employee, leased employee, contractor, subcontractor, volunteers, or agent outside the scope of his or her employment or duties;

d.    The Policy excludes coverage for punitive or exemplary damages, fines, statutory penalties, or sanctions, whether imposed by law or otherwise, trebled or otherwise multiplied damages or any multiplied portion of a compensatory award, or the return or restitution of legal fees, costs, and expenses, regardless of whether they are demanded or awarded based upon the conduct of an Insured or upon the conduct of others for whose conduct the Insured maybe deemed to be vicariously liable;

e.    The Policy does not provide coverage to an insured who is operating an otherwise insured vehicle without a valid governmental authority to operate or whose authority to operate

COMPLAINT FOR DECLARATORY RELIEF

was revoked by a governmental agency at the time or prior to the "occurrence";

f.      Mr. Aguilar Venegas did not notify Star Mutual of the Accident within two (2) days;

g.      At no time has Mr. Aguilar Venegas notified Star Mutual of the Accident;

h.      Mr. Aguilar Venegas has not cooperated with Star Mutual in connection with its investigation and adjustment of the Accident;

i.      Mr. Aguilar Venegas does not have a right to sue Star Mutual under the Policy unless all of its terms have been fully complied with; Mr. Aguilar Venegas has failed to fully comply with the Policy's terms; and

j.      Mr. Aguilar Venegas does not have the right to assign his rights and interests under the Policy without Star Mutual's prior written consent; Star Mutual has not provided any such prior written consent.

30.    Star Mutual also relies upon all additional terms, definitions, exclusions, conditions, and endorsements in the Policy not specifically identified herein that potentially limit or preclude its duty to defend Mr. Aguilar Venegas with respect to the Accident.

31.     Star Mutual seeks a declaration from this Court that Star Mutual has no duty to defend Mr. Aguilar Venegas with respect to the Accident under the Policy.

## SECOND CAUSE OF ACTION

### (For Declaratory Relief Re: No Duty to Indemnify)

32.     Star Mutual hereby incorporates and re-alleges the allegations in each of the foregoing paragraphs as if fully set forth herein.

33.     There exists a genuine and bona fide dispute and an actual controversy and disagreement between Star Mutual and Mr. Aguilar Venegas regarding whether Star Mutual has a duty to indemnify Mr. Aguilar Venegas in connection with the Accident under the Policy.

34.     Star Mutual contends it has no duty to indemnify Mr. Aguilar Venegas in connection with the Accident under the Policy. Upon information and belief, Star Mutual is informed and believes that Mr. Aguilar Venegas disputes this contention.

35.     In accordance with the Policy's Insuring Agreement, provisions, terms, conditions, exclusions, and endorsements, Star Mutual owes no duty to indemnify Mr. Aguilar Venegas with respect to the Accident under the Policy or applicable law, in whole or in part, for the following reasons:

      a.  Mr. Aguilar Venegas was not acting in the course and scope of employment for the benefit of the named insured only at the time of the Accident, as required by the Policy's Insuring Agreement;

COMPLAINT FOR DECLARATORY RELIEF

b. The Policy excludes coverage for bodily injury arising out of the willful violation of a penal statute or ordinance;

c. The Policy excludes coverage for bodily injury arising out of the acts of an insured's employee, leased employee, contractor, subcontractor, volunteers, or agent outside the scope of his or her employment or duties;

d. The Policy excludes coverage for punitive or exemplary damages, fines, statutory penalties, or sanctions, whether imposed by law or otherwise, trebled or otherwise multiplied damages or any multiplied portion of a compensatory award, or the return or restitution of legal fees, costs, and expenses, regardless of whether they are demanded or awarded based upon the conduct of an Insured or upon the conduct of others for whose conduct the Insured maybe deemed to be vicariously liable;

e. The Policy does not provide coverage to an insured who is operating an otherwise insured vehicle without a valid governmental authority to operate or whose authority to operate was revoked by a governmental agency at the time or prior to the "occurrence";

f. Mr. Aguilar Venegas did not notify Star Mutual of the Accident

COMPLAINT FOR DECLARATORY RELIEF

within two (2) days;

    g.  At no time has Mr. Aguilar Venegas notified Star Mutual of the Accident;

    h.  Mr. Aguilar Venegas has not cooperated with Star Mutual in connection with its investigation and adjustment of the Accident;

    i.  Mr. Aguilar Venegas does not have a right to sue Star Mutual under the Policy unless all of its terms have been fully complied with; Mr. Aguilar Venegas has failed to fully comply with the Policy's terms; and

    j.  Mr. Aguilar Venegas does not have the right to assign his rights and interests under the Policy without Star Mutual's prior written consent; Star Mutual has not provided any such prior written consent.

36.    Star Mutual also relies upon all additional terms, definitions, exclusions, conditions, and endorsements in the Policy not specifically identified herein that potentially limit or preclude its duty to indemnify Mr. Aguilar Venegas with respect to the Accident.

37.    Star Mutual seeks a declaration from this Court that Star Mutual has no duty to indemnify Mr. Aguilar Venegas in the Claim under the Policy.

//

### PRAYER FOR RELIEF

WHEREFORE, Star Mutual prays for judgment against Mr. Aguilar Venegas as follows:

1. That the Court determine, decree, and adjudge that Star Mutual has no duty to defend Mr. Aguilar Venegas with respect to the Accident under the Policy;

2. That the Court determine, decree, and adjudge that Star Mutual has no duty to indemnify Mr. Aguilar Venegas with respect to the Accident under the Policy;

3. For attorneys' fees and costs;

4. For costs of suit incurred herein; and

5. For such other and further relief as the Court deems fit and proper under the circumstances and evidence.

Star Mutual demands a trial by jury.

Dated:  July 21, 2025                WILSON ELSER MOSKOWITZ EDELMAN & DICKER LLP


By: */s/Natalia Duque*_____
Tae S. Um
Natalia Duque
*Attorneys for Plaintiff Star Mutual RRG, Inc.*

COMPLAINT FOR DECLARATORY RELIEF