UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

STAR MUTUAL RRG INC.,

Plaintiff,

v.

FEDERICO AGUILAR VENEGAS d/b/a FSW TRANSPORT, and VANESSA RAYGOZA.

Defendants.

Case No. 1:25-cv-00893-KES-HBK

AMENDED[1] ORDER GRANTING DEFENDANT RAYGOZA'S MOTION TO THE EXTENT FEDERICO AUGILAR VENEGAS SHALL APPEAR ON SEPTEMBER 11, 2026 TO SHOW CAUSE WHY HE SHOULD NOT BE HELD IN CONTEMPT FOR FAILURE TO COMPLY WITH A SUBPOENA

(Doc. 31)

Pending before the Court is Defendant Vanessa Raygoza's motion for contempt sanctions against defaulted defendant Federico Aguilar Venegas, or, in the alternative, motion for an order to show cause as to why he should not be held in contempt, filed July 2, 2026. (Doc. 31, "Motion"). Defendant submits the declaration of Attorney Germain Labat, with exhibits, in support of the motion. (Doc. 31-1). Defendant seeks an order directing defaulted defendant Aguilar Venegas to appear for a deposition, produce the documents requested in the subpoena, and pay $9,406.70 in attorney fees and costs incurred in bringing the motion. (Doc. 31 at 8). In the alternative, Defendant seeks an order to show cause why Aguilar Venegas should not be held

[1] Amended to revise the date and time for the Show Cause Hearing from September 4, 2026 to September 11, 2026.

in contempt for failing to produce documents in response to the subpoena. (*Id*. at 9). Aguilar Venegas has not filed an opposition, and the time to do so has passed. Local Rule 230(c). For the reasons below, the Court grants the motion in part.

BACKGROUND

This subpoena enforcement motion arises from a declaratory-relief action in which Plaintiff seeks declarations that it has no duty to defend or indemnify Augilar Venegas under a Commercial Auto Insurance Policy in connection with Defendant's claim for personal injuries sustained on January 25, 2025. Defendant alleges she was struck by Augilar Venegas' vehicle while crossing the street, resulting in severe injuries, including the loss of her fetus and loss of her legs. (Doc. 31-1 at 2; Doc. 5). On September 30, 2025, Clerk entered default against Aguilar Venegas for failure to appear or defend. (Doc. 14). On October 30, 2025, Plaintiff moved for default judgment against Aguilar Venegas. (Doc. 18).

On May 12, 2026, Defendant personally served a subpoena on Aguilar Venegas at his residence, commanding him to appear for a deposition on May 29, 2026, and to produce documents related to the January 25, 2025 incident, including communications between Plaintiff and Aguilar Venegas. (Doc. 13-1, ¶ 6, Exh. A). Augilar Venegas did not appear on May 29, 2026, and he did not produce the requested documents. (*Id*. at ¶ 8). Defendant then obtained a Certificate of Nonappearance. (*Id*., Exh. C).

ANALYSIS

The Federal Rules of Civil Procedure distinguish between parties and non-parties in setting out available discovery devices and remedies. *Jules Jordan Video, Inc. v. 144942 Canada Inc*., 617 F.3d 1146, 1158 (9th Cir. 2010). When a party fails to comply with a proper discovery request, the requesting party may move under Rule 37 for an order compelling discovery, and I granted, may be entitled to attorney fees. Fed. R. Civ. P. 37 (a)(1), (a)(5). By contrast, Rule 45 subpoenas are used to obtain documents or testimony from non-parties. Fed. R. Civ. P. 45. Although the Federal Rules do not expressly define the status of a defaulted party, the Ninth Circuit has held a defaulted party, like Aguilar Venegas, should be treated as non-party for these purposes. *Jules*, 617 F.3d at 1159.

A subpoena under Rule 45 must command the recipient to attend and testify or to produce designated documents, electronically stored information, or tangible things in that person's possession, custody or control. Fed. R. Civ. P. 45(a)(1)(A)(iii). "Proper subpoenas issued by attorneys on behalf of the Court are treated as orders of the Court." *McKeon v. Cent. Valley Cmty. Sports Found.*, 2019 WL 1208986, at *2 (E.D. Cal. Mar. 14, 2019) (collecting cases). Service of a subpoena requires delivering a copy to the named person. *See* Fed. R. Civ. P. 45(b)(1).

The subpoena served on Aguilar Venegas complied with Rule 45. (Doc. 30-1, Exh. A). It was issued from this Court. It identified the case title and civil case number, and set out the text of Rule 45(c), (d), (e), and (g). It commanded Aguilar Venegas to appear for a deposition on May 29, 2026, and to produce documents related to the January 25, 2025 incident, including communications between Plaintiff and Aguilar Venegas. (*Id.*). The proof of service shows that Aguilar Venegas was served at 6670 Betty Drive, Visalia, California, 93291, and that service was accepted on May 12, 2026. (*Id.* at Exh. B). Despite proper service, Aguilar Venegas failed to appear for his deposition, failed to produce the requested documents, and did not file objections of move to quash the subpoena.

Under Rule 45(g), the Court may "hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it." Fed. R. Civ. P. 45(g). "Adequate excuse" is not a defined in the Rule and is fact-specific. *See* Fed. R. Civ. P. 45 advisory committee's note to 1991 amendment; *Sanchez v. Albertson's, LLC*, 2022 WL 656369, at *8 (D. Nev. Mar. 3, 2022) (citing *Residential Constructors, LLC v. Ace Property and Casualty Ins. Co.*, 2006 WL 8442461, at *4 (D. Nev. Aug 8, 2008) (compiling cases)). A non-party facing potential contempt sanctions is entitled to a meaningful opportunity to be heard. *Hyatt*, 621 F.3d at 696–97; *see also Fisher v. Marubeni Cotton Corp.*, 526 F.2d 1338, 1342 (8th Cir. 1975).

A contempt charge against a nonparty may be criminal or civil in nature. *See Falstaff Brewing Corp. v. Miller Brewing Co.*, 702 F.2d 770, 778 (9th Cir. 1983). "[A] court may impose civil contempt sanctions to (1) compel or coerce obedience to a court order, and/or (2) compensate the contemnor's adversary for injuries resulting from the contemnor's noncompliance." *Ahearn ex rel. N.L.R.B. v. Int'l Longshore & Warehouse Union, Locals 21 & 4*,

721 F.3d 1122, 1131 (9th Cir. 2013). The district court has wide latitude in deciding whether its orders have been defied, but generally should impose the minimum sanction necessary to secure compliance. *Stone v. City of San Francisco*, 968 F.2d 850, 856 (9th Cir. 1992); *Whittaker Corp. v. Execuair Corp*., 953 F.2d 510, 517 (9th Cir. 1992).

To establish civil contempt, Defendant must show by clear and convincing evidence that Aguilar Venegas violated a specific and definite court order. *See FTC v. Affordable Media*, 179 F.3d 1228, 1239 (9th Cir. 1999). If Defendant meets that burden, the burden shifts to Aguilar Venegas to show that he took every possible step to comply and explain why compliance was not possible. *See Forsythe v. Brown*, 281 F.R.D. 577, 587 (D. Nev. 2012). Here, Defendant has shown that Aguilar Venegas violated a specific and definite court order by failing to appear for a deposition and failing to produce documents pursuant to a duly issued subpoena. Accordingly, Defendant's motion for an order to show cause why Aguilar Venegas should not be held in contempt is granted. *See Morgutia-Johnson v. City of Fresno*, 2015 WL 1021123, at *2 (E.D. Cal. Sept. 16, 2010) (explaining that issuance of an order to show cause is the proper procedure for enforcing no-party subpoena compliance).

Defendant's request for attorney fees is premature and denied without prejudice. Aguilar Venegas is advised that, in addition to other sanctions, an award of reasonable attorney's fees may be imposed as a contempt sanction. *See Clockwork IP, LLC v. Aladdin One Hour HVAC, Inc*., 2015 WL 2450195, at *5 (D. Nev. May 22, 2015) (finding reasonable costs and attorney's fees an appropriate sanction when a "unrepresented, non-party" failed to comply with a court order to produce post-default discovery).

Accordingly, it is ORDERED:

1. Defendant's motion for an order to show cause (Doc. 31) is GRANTED in part.
2. Within twenty-one (21) days from the date of service of this Order, Aguilar Venegas shall:
    a. Produce the documents requested in the subpoena (Doc. 31-1, Exh. A); and
    b. Contact defense counsel and schedule a date to appear for a deposition as commanded in the subpoena.

3. Aguilar Venegas is further ORDERED to appear before the undersigned on September 11, 2026 at 1:00 P.M. in Courtroom 2, 8th Floor, United States District Court, 2500 Tulare Street, Fresno, California, 93721 to SHOW CAUSE why he should not be held in contempt and why the Court should not impose sanctions, including awarding Defendant reasonable attorney's fees, for his failure to comply with the subpoena.
4. The Court may discharge the Order to Show Cause and vacate the hearing if, within twenty-one (21) days of service of this Order,
   a. Aguilar Venegas files a brief explaining why the Court should not hold him in contempt for failing to respond to or otherwise comply with the April 30, 2026 subpoena and why attorney's fees and costs should not be awarded; or
   b. Defendant informs the Court that Aguilar Venegas has complied with the subpoena.
5. Failure to comply with this Order to Show Cause may subject Aguilar Venegas to contempt sanctions, including monetary sanctions and an award of attorney fees.
6. Defendant shall serve this Order on Aguilar Venegas no later than August 10, 2026, and shall file proof of service no later than August 17, 2026.

Dated: August 4, 2026

Helena M. Barch-Kuchta
HELENA M. BARCH-KUCHTA
UNITED STATES MAGISTRATE JUDGE